UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LIGHTMED CORPORATION, et al.,
Plaintiffs,

v.

ELLEX MEDICAL PTY. LTD., et al.,
Defendants.

Case No. 13-cv-03933-WHO

**ORDER GRANTING MOTION TO TRANSFER**

Re: Dkt. No. 19

**INTRODUCTION**

Defendant Ellex Medical seeks to dismiss the plaintiffs' complaint for improper venue or, in the alternative, transfer to the Central District California for inconvenient venue. The Court GRANTS the motion to transfer under 28 U.S.C. Section 1404(a).

**BACKGROUND**

The parties are competitors in the field of ophthalmic lasers used to treat secondary cataracts and glaucoma. Plaintiff LightMed Inc. is based in Taiwan and plaintiff LightMed (USA)—LightMed Inc.'s distributor—is based in San Clemente, California. Defendant Ellex Medical is an Australian company with a Minnesota-based United States subsidiary. LightMed alleges that in July and August 2013, Ellex's New York-based patent counsel sent "cease and desist" letters to three of LightMed's distributors seeking to enforce alleged patent rights. Dkt. No 1. ("Compl.") ¶ 9. One of the distributors is located in Florida, one in Illinois, and one (Barron Medical) in Chino Hills, California. LightMed alleges that the cease and desist letters misrepresented Ellex's legal rights and were sent in bad faith to interfere with plaintiffs' business relationships with the distributors and to unfairly compete with plaintiffs.

**LEGAL STANDARD**

28 U.S.C. Section 1391(b)(1) provides that a civil action may be brought in "a judicial

United States District Court
Northern District of California

district in which any defendant resides, if all defendants are residents of the State in which the district is located." Section 1391 then defines residence for business entities, stating that "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). Where there are several federal judicial districts within a single state, as in California, a corporate defendant is deemed to "reside" in any district in which its contacts would subject it to personal jurisdiction as if that district were a separate state. 28 U.S.C. § 1391(c). The venue analysis for business entities thus largely collapses into a personal jurisdiction analysis: if Ellex is subject to personal jurisdiction in the Northern District, then venue in the Northern District is proper.

However, even where venue is proper, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). Courts in this district evaluate the following factors to determine which venue is more convenient: (1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum. *See, e.g., Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001).

**DISCUSSION**

Ellex's motion requires the Court to determine whether LightMed has established a proper basis for venue in the Northern District of California and, if venue is proper, whether the action should nevertheless be transferred to the Central District on convenience grounds.

**A. Venue in the Northern District is proper.**

LightMed asserts that Ellex's contacts with the Northern District are sufficiently "substantial, continuous and systematic" to subject Ellex to general personal jurisdiction here.

United States District Court
Northern District of California

LightMed asserts that:

- Ellex has an interactive website where it sells its products in the Northern District;
- Ellex previously had a research and development facility in Fremont;
- Ellex announced in 2006 that it was moving its global headquarters for sales, marketing, and customer service to the San Francisco area;
- Ellex's outside general counsel, Jennifer Hagan of The Hagan Law Firm, is based in Mountain View and Ellex has used this address as its own in filings with the trademark office;
- Ellex works with a San Francisco-based public relations firm and a San Francisco-based research, development and strategy consultant to issue press releases about Ellex and its products;
- Ellex has presented at several conferences in San Francisco.

The Court agrees that Ellex is subject to general personal jurisdiction. In particular, the Court finds general personal jurisdiction based on the uncontroverted assertions that Ellex moved its global headquarters for sales, marketing, and customer service to the San Francisco area in 2006, that it sells its products in the Northern District, that it maintained a research and development facility here until 2005, and that it lists a Mountain View address as its own in fillings with the trademark office.[1]

**B. The matter should be transferred to the Central District under Section 1404(a).**

While venue in this district is proper, the Court finds that this action should nonetheless be transferred to the Central District under Section 1404(a).[2] The only connection this action has to the Northern District is that LightMed's litigation counsel is based here; in other words, no connection at all. LightMed's assertion that this action is connected to Ellex's outside general counsel, a solo practitioner who is based in this district, is easily refuted. The letters at issue were

[1] It is of no moment that LightMed did not include some of these venue allegations in its Complaint as the Court can look beyond the pleadings when determining proper venue. *See Dudash v. Varnell Struck & Associates, Inc.*, 2004 WL 2623903 (N.D. Cal. Nov. 16, 2004) (plaintiff "may use declarations, affidavits, oral testimony, or other evidence" to show proper venue) (citation and internal punctuation omitted); *Gamboa v. USA Cycling, Inc.*, 2013 WL 1700951 (C.D. Cal. Apr. 18, 2013).

[2] LightMed does not dispute that the case could have been filed in the Central District, where it is based and where Ellex's allegedly tortious conduct occurred.

United States District Court
Northern District of California

signed by Ellex's New York-based patent counsel; not its outside general counsel. Its general counsel has never been involved in issues related to Ellex's patents, much less in writing the letters at issue here. Hagen Decl. [Dkt. No. 26] ¶¶ 3-4, 7.

In contrast, the Central District has undeniable connections to the action: one of the plaintiffs resides there and one of the letters at issue was mailed there to one of the distributors, which also resides there. As a consequence, while some of the Section 1404(a) factors are neutral, on balance the factors support transfer to the Central District, especially given that there is nothing on the other side of the scale favoring venue here aside from the fact that LightMed filed suit here which, as noted below, is of minimal weight.

a. Plaintiff's choice of forum

Generally a plaintiff's choice of forum is entitled to considerable weight. But that is not the case where the plaintiff does not reside in the forum or where the complaint has no connection to the forum. *See, e.g., Williams*, 157 F. Supp. 2d at 1106 ("the degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the plaintiff does not reside in the venue or where the forum lacks a significant connection to the activities alleged in the complaint") (internal punctuation and citation omitted). LightMed does not reside in the Northern District, nor is the complaint connected to this forum. LightMed's choice of forum is therefore accorded minimal weight.

b. Convenience of the parties

No party is located in the Northern District. LightMed (USA) is located in the Central District. The convenience of the parties would seem to weigh in favor of transfer except that LightMed (USA) apparently wants to be in litigation in this District instead.

c. Convenience of the witnesses

No witness is located in the Northern District. Barron Medical, one of the distributors that received the letters at issue, is located in the Central District. As noted, LightMed (USA) is also located in the Central District. This factor weighs in favor of transfer.

d. Ease of access to the evidence

The parties agree that most of the relevant evidence is either public or in New York, where

Ellex's patent attorneys are based, or in Australia, where Ellex is based. However, as Barron Medical, which is located in the Central District, may have relevant evidence, this factor weighs slightly in favor of transfer.

e. Familiarity of each forum with the applicable law

This District and the Central District are equally familiar with the applicable law. This factor is neutral.

f. Feasibility of consolidation with other claims

This factor is neutral as there are no other pending claims.

g. Any local interest in the controversy

This District has no interest in this controversy as none of the allegations or parties are based here. The Central District has an interest because the plaintiff is a resident there and because the letter at issue was sent to a forum resident. This factor weighs in favor of transfer.

h. The relative court congestion and time of trial in each forum

Ellex has provided evidence that the time to trial is shorter in the Central District than in the Northern District. Dkt. No. 19 at 10 (citing Dkt. Nos. 21-3 and 21-4). The data provided is outdated and not conclusive. This factor bears no weight.

***

To establish inconvenience, the movant must provide affidavits stating "who the key witnesses will be, and what their testimony will generally include." *Incorp Servs. Inc. v. Incsmart.Biz Inc.*, 11-CV-4660-EJD-PSG, 2012 WL 3685994 (N.D. Cal. Aug. 24, 2012). LightMed admits that Barron Hills is located in the Central District and will be a witness "regarding receipt of letters and mitigation efforts led by LightMed." Dkt. No. 22 at 7. There is therefore no dispute that relevant witnesses are located in the Central District or what their testimony will generally cover. *See also Buckman-Falduti v. KinderCare Learning Centers, Inc.*, 08-4778 CW, 2009 WL 248247 (N.D. Cal. Feb. 2, 2009) (denying transfer where plaintiff resided in forum and third party witnesses were based there).

Nor do the cases from this Court cited by LightMed otherwise warrant denying transfer. For example, in *De Amaral v. Goldsmith & Hull*, C 12-3580 PJH, 2013 WL 655233 (N.D. Cal.

Feb. 21, 2013), the Court declined transfer because it found that defendants sought "only to shift the inconvenience from themselves to plaintiffs." That is not the case here. A transfer will not shift the inconvenience to plaintiffs. On the contrary, inconvenience to the defendants will stay the same while inconvenience to the plaintiff and third party witnesses is reduced.

In light of the above, the Court finds that transfer is appropriate. In stark contrast to the cases cited by LightMed, this action has zero connection to this forum. The plaintiffs do not reside here, none of the witnesses are based here, and none of the defendants' alleged conduct occurred here. *Compare, e.g.*, *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147-48 (10th Cir. 1967) (denying transfer where plaintiff resided in forum state, expert witnesses were based in forum and some of defendant's operations relevant to the suit occurred in forum).

**CONCLUSION**

Usually, a motion to change venue on convenience grounds will have a more compelling record than this one has to support it. But since this action has no connection at all to this District, it makes sense to transfer it to one that does. For the reasons stated, the Court GRANTS Ellex's motion to transfer and hereby TRANSFERS this action to the Central District of California.

**IT IS SO ORDERED**.

Dated: December 12, 2013



WILLIAM H. ORRICK
United States District Judge